### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| Hassan Osman, | Case No. 22-cv-3076 (JRT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael J. LeJeune, | |
| Respondent. | |

This matter is before the Court on pro se Petitioner Hassan Osman's ("Petitioner" or "Osman") Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 by a Person in Federal Custody ("Petition") (Dkt. 1) and Petitioner's Motion for a Temporary Restraining Order ("Motion") (Dkt. 7). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition and Motion be denied as moot.

## I.   BACKGROUND

In the Petition filed on December 12, 2022, Osman alleged that he has earned "sufficient" time credits under the First Step Act ("FSA") while incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"), making him

due for immediate release. (Dkt. 1 at 3.)[1] Specifically, Osman claims that his release date via good conduct time is October 25, 2023, but that the Federal Bureau of Prisons ("BOP") has improperly failed to apply his FSA earned time credits "due to a detainer." (*Id.*) On February 13, 2023, Osman filed the Motion, asking the Court to order his immediate release from BOP custody due to the BOP's failure to immediately apply 365 days of FSA time credits he has earned "towards early release." (Dkt. 7 at 1-3.) Osman claimed that if those time credits are applied, his release date would be October 25, 2022. (*Id.* at 2.)

On March 6, 2023, Respondent Michael J. LeJeune ("Respondent") filed a response to the Petition, stating that Osman was "released from BOP custody on February 15, 2023, after the application of his" FSA earned time credits. (Dkt. 9 at 1 (citing Dkt. 10 (Declaration of Shannon Boldt) ¶ 4, Ex. A at 3).)

## II. DISCUSSION

Respondent argues that the Petition should be dismissed as moot and the Motion denied as moot due to Osman's release from BOP custody on February 15, 2023, and that none of the mootness exceptions apply here. (*Id.* at 3-4.)

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000), citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a

---

[1] Unless stated otherwise, references to page citations refer to the CM/ECF pagination.

case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo.* ("*In re Search Warrants*"), 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

This case became moot when Osman was released from custody because the Court "can no longer grant effective relief" since he is no longer in BOP custody. *See Ali*, 419 F.3d at 723. Accordingly, the Court should not address the merits of Osman's case because any such opinion would be merely advisory. *See In re Search Warrants*, 487 F.3d at 1192.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, Case No. 16-cv-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here. First, there is no evidence of any cognizable collateral consequences that resulted from Osman not being released as early

3

as he believed he should have been or that are related to his requested release. *See Scheper v. Rios,* Case No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *3 (D. Minn. June 5, 2020), *R. & R. adopted*, 2020 WL 4059875 (D. Minn. July 20, 2020).

As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again." *In re Search Warrants*, 487 F.3d at 1193. Here, there is nothing remaining to litigate in this case, and there is nothing on the current record to show that Osman would be subjected to the allegations in the Petition again. *See Ahmed*, 2017 WL 3267738, at *3.

In regard to the exception for when the "voluntary cessation of illegal conduct can be resumed," further detention is unlikely because Osman has been granted an early release under the FSA and is no longer in BOP custody. (*See* Dkt. 10-1, Gov't Ex. A at 1-3 (Public Information Inmate Data showing Osman was released on February 15, 2023); *see also* Dkt. 10 ¶ 4.) The Court notes that on April 14, 2023, Osman filed a Notice of Change of Address, showing his new address as Freeborn County Jail in Albert Lea, Minnesota. (Dkt. 12.) Osman has however not filed a reply to Respondent's response and there is no indication that Osman is or will be subjected to the BOP's custody again. Nevertheless, even assuming Osman was brought back into BOP custody, it would be under a new set of circumstances and facts and, consequently, "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged." *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6,

4

2016). In any event, Osman would have the ability to bring a new habeas petition under a new set of facts and circumstances should he be returned to BOP custody.

Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals. *See Ahmed*, 2017 WL 3267738, at *3. Accordingly, for all of these reasons, the Court recommends denial of the Petition as moot. Because the Court recommends denial of the Petition, the Court also recommends denial of the Motion as moot. *See Jacqueline Denise Mills v. Warden M. Starr*, Case No. 21-cv-1335 (SRN/DTS), 2023 WL 2645030, at *4 (D. Minn. March 27, 2023); *see also Njaka v. Kennedy*, Civ. No. 12-2712 (JRT/JJG), 2014 WL 4954679, at *18 (D. Minn. Sept. 30, 2014) ("[I]n light of the Court's determination as to dismissals, the motions should be denied as moot.").

### III.   RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT:**

1. Petitioner Hassan Osman's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 by a Person in Federal Custody (Dkt. 1) be **DENIED AS MOOT**.

2. Petitioner's Motion for a Temporary Restraining Order ("Motion") (Dkt. 7) be **DENIED AS MOOT**.

Dated: April 17, 2023                                      *s/Elizabeth Cowan Wright*
                                                                             ELIZABETH COWAN WRIGHT
                                                                             United States Magistrate Judge

# **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).